UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| VICTOR C. WILHOITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CV-32 |
| | ) | (VARLAN/GUYTON) |
| BI-LO, LLC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court pursuant to Order [Doc. 23] of the District Judge to consider and determine the defendant's Motion In Limine To Exclude Testimony Of Charles Miner [Doc. 18].  The Court conducted a hearing on this Motion on June 20, 2007.

The plaintiff, a former employee of the defendant, has sued the defendant for wrongful discharge. [Doc. 1-2].  The plaintiff alleges that he was terminated in retaliation for filing a claim for workers compensation following a job-related injury.  The defendant denies retaliatory discharge, alleging that the plaintiff was terminated due to his permanent physical restrictions and because no other positions were available for which the plaintiff was qualified. [Doc. 6; Doc. 19].

The plaintiff has identified Charles Miner as an expert witness.  During the hearing, the Expert Witness Report of Charles W. Miner ("the Miner Report"), was marked as Exhibit 1 and received into the record.  A copy of the Miner Report is attached hereto and filed as Exhibit 1 to this Memorandum and Order.  Mr. Miner did not testify at the hearing.

In the Miner Report, Mr. Miner states that he interviewed the plaintiff and reviewed "all documents provided." Although he does not list the documents provided to him, the Miner Report refers to several documents in the section titled, "Termination of Victor Wilhoite, Understanding the Facts."

Mr. Miner's opinions are contained in the section of the Miner Report titled "Conclusion," which states, in its entirety, as follows:

> In conclusion, my review of all documents provided including conducting an interview with Plaintiff does not support legitimate non-discriminatory reason(s) for the termination of Plaintiff.
>
> The Employee did not inquire if Plaintiff needed accommodation or attempt to find other work for Plaintiff. Employer did not contact treating physician for advice on continuing work. Instead, Employer continued to allow Plaintiff to work with more severe medical restrictions and following MMI with far less severe restrictions. This continued for six (6) months beyond MII [sic] without question or concern on the part of the Employer. Then, on February 20, 2005, Employer terminated Plaintiff without due consideration or concern.
>
> It is obvious that Plaintiff performed the duties of his job sufficient to support continued employment. The Employer terminated the Plaintiff for reasons other than those stated. Termination cannot be justified under these circumstances.

The defendant stated at the hearing that it does not dispute Mr. Miner's qualifications in the general field of human resources. Rather, the defendant argues that Mr. Miner's opinions are simply legal conclusions which do nothing to assist the jury in its role as fact finders. The defendant also argues that Mr. Miner's opinions are unreliable, not relevant, and based on facts which are in dispute.

The plaintiff argues that Mr. Miner's opinions are based on specialized knowledge. Plaintiff asserts that Mr. Miner's testimony will assist the trier of fact by providing "background

information" regarding whether non-discriminatory reasons exist for plaintiff's termination, and whether acceptable human resources practices were followed. [Doc. 21].

The defendant cites Rieger v. Orlor, Inc., 427 F. Supp.2d 99 (D. Conn 2006), for support.  In Rieger, plaintiff sued her employer for discrimination under Title VII and the Age Discrimination in Employment Act, and also under Connecticut state law.  The plaintiff sought to present expert testimony by Dr. Brian Kleiner, a professor of Human Resources Management for over 25 years at California State University.  Dr. Kleiner's opinions were: (1) that the defendants could have accommodated the plaintiff's disability, but instead chose to retaliate against her; (2) that the defendants did not take reasonable care to prevent discrimination and harassment of the plaintiff; and (3) that the defendants' rationale for "downsizing" the plaintiff is "inadequate."  Id. at 101.  The defendants moved to preclude these opinions.

After considering essentially the same arguments which have been made in the present case, the Rieger court granted the motion and precluded the opinions of Dr. Kleiner.  The Rieger court held that the opinions of Dr. Rieger would not aid the jury in making a decision, but rather attempt to substitute his judgment for the jury's judgment.  Id. at 104-05.

The discretion of this Court to admit expert testimony is governed principally by Fed. R. Evid. 702, which provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of this case.

The Supreme Court in <u>Daubert v. Merrell Dow Pharmaceuticals</u>, 509 U.S. 579, 597 (1993), made clear that Rule 702 charges district courts with "the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." Under the relevancy prong of Rule 702, the Court must determine if the expert's testimony will assist the trier of fact. <u>See</u> <u>Daubert</u>, 509 U.S. at 591. As with any other relevant evidence, the court should exclude expert testimony if its prejudicial effect substantially outweighs its relevance. In addition, it is well-settled that the Court should not admit testimony that is directed solely to lay matters which a jury is capable of understanding and deciding without the expert's help. The expert must not usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying the law to the facts before it. Although an expert may opine on an issue of fact within the jury's province, he may not give testimony stating ultimate legal conclusions based on those facts.

The Court finds that the holding in <u>Rieger</u> was based on sound reasoning and a proper application of Rule 702. In the present case, the opinions of Mr. Miner are substantially similar to the opinions of Dr. Kleiner which were precluded in <u>Rieger</u>. The Court holds that the opinions of Mr. Miner as set forth in the Miner Report, as was the case with the opinions of Dr. Kleiner in <u>Rieger</u>, improperly invade the province of the jury and, in essence, simply tell the jury what result to reach. The Court will not admit testimony proffered by an expert that is directed solely to lay matters which a jury is capable of understanding and deciding. <u>See</u> <u>also</u> <u>Pittman v. General Nutrition Corp.</u>, No. H-04-3174, 2007 WL 951638 (S.D. Texas Mar. 28, 2007) (plaintiff in Title VII action could not offer expert opinion evidence by human resources professional which invades the province of the jury and is inadmissable as legal conclusions).

Therefore, the Motion In Limine To Exclude Testimony Of Charles Miner [Doc. 18]

is **GRANTED**.

**IT IS SO ORDERED.**

**ENTER:**

_____ s/ H. Bruce Guyton _____
United States Magistrate Judge